IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

COREY TAYLOR,

                Plaintiff,

  v.                                         OPINION and ORDER

LA CROSSE COUNTY SHERIFF'S OFFICE,        19-cv-678-jdp
CITY OF LA CROSSE, SGT. MARTELL,
and SGT. THOMPSON,

                Defendants.

---

      Plaintiff Corey Taylor, appearing pro se, is a prisoner at the La Crosse County Jail. Taylor alleges that staff at the jail are violating his rights in a variety of ways, including by restricting his communications with his family, by locking him out of his cell and forcing him to sit on hard surfaces despite his painful medical conditions, and using excessive force against him while he was placed in a restraint chair. Taylor has qualified for in forma pauperis status and he is not required to prepay any of his filing fee for this lawsuit.

      The next step is for me to screen Taylor's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true, *see Bonte v. U.S Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010), and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that Taylor cannot proceed with any of his claims because his complaint violates the Federal Rules of Civil Procedure.

The main problem with the complaint is that Taylor is trying to bring at least two different sets of claims against different sets of jail officials, which violates Federal Rules of Civil Procedure 18 and 20 by joining claims together that do not belong in the same lawsuit. Defendants may be joined in one lawsuit only if the claims against them arise out of the same transactions or occurrences and present questions of law or fact that are common to them all. *George v. Smith*, 507 F. 3d 605, 607 (7th Cir. 2007). Taylor alleges the following:

> Lawsuit No. 1: Defendant Sergeant Thompson has blocked Taylor from communicating with his grandmother about important issues regarding her health, even though white inmates—Taylor is black—are allowed to communicate with their family members. Thompson also rejected Taylor's grievance about being locked out his cell and being forced to sit on hard surfaces despite his painful internal hemorrhoids.
>
> Lawsuit No. 2: Jail staff placed Taylor in a restraint chair too tightly for eight hours, injuring him. They also held him without water or bathroom breaks. Sergeant Martell choked Taylor while Taylor was in the chair.

Because these claims involve different sequences of events and different sets of jail officials, they do not belong together in one lawsuit. I will give Taylor a short time to respond to this order by explaining which of these two lawsuits he wishes to pursue under this case number. After he has informed the court of his choice, I will treat the portion of his complaint pertaining to those claims as the operative pleading, and will screen the claims he has chosen. If Taylor also wishes to proceed on the set of claims he does not choose for this lawsuit, he should inform the court of that fact, and I will open a brand-new lawsuit under a new case number for the other sent of claims. If Taylor chooses this route, he will then owe the court a separate filing fee for the second lawsuit.

Also, toward the end of his complaint, Taylor discusses a variety of other violations of his rights, such as placement in a cold cell, denial of phone calls, placement of a camera over

his toilet, and denial of religious visits or access to materials to help him practice his religion. But Taylor either does not explain which jail official is responsible for each violation or he names officials who are not defendants in the case. So it is unclear whether any of these allegations can fit into either of the two lawsuits discussed above, or whether the claims would have to be broken into additional lawsuits. If Taylor seeks money damages for any of these claims, he will need to amend his complaint to name in the caption, and then identify in his allegations, the specific individuals responsible for each alleged deprivation. If he wants to bring any of these apparently unrelated claims together in one lawsuit, he will need to either name the same defendants for each claim or explain how the claims are connected to one another.

ORDER

IT IS ORDERED that plaintiff Corey Taylor may have until October 23, 2019, to identify for the court which claims he wishes to pursue under this case number, and whether he wishes to pursue his other set of claims in a new lawsuit.

Entered October 2, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge